**Cleotis SOIL, Petitioner–Appellant,**

v.

**Don TAYLOR, Warden, Respondent–Appellee.**

No. 02–55587.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 7, 2003.

Decided Oct. 30, 2003.

Kenneth M. Stern, Esq., Woodland Hills, CA, Cleotis Soil, pro se, Blythe, CA, for Petitioner–Appellant.

David F. Glassman, Esq., Stephen A. McEwen, Esq., AGCA–Office of the California Attorney General, Los Angeles, CA, for Respondent–Appellee.

Before: RYMER and TALLMAN, Circuit Judges, and LEIGHTON,* District Judge.

## MEMORANDUM **

Cleotis Soil was convicted of possession for sale of cocaine in the Los Angeles Superior Court, and sentenced to 25 years to life under California's "Three Strikes" law. Soil appeals the district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. We affirm.

Because Soil's petition for writ of habeas corpus was filed after April 24, 1996, it is governed by 28 U.S.C. § 2254 as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, habeas relief is not available unless the state court adjudication was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). AEDPA " 'restricts the source of clearly established law' to the Supreme Court's 'holdings, as opposed to the dicta, . . . as of the time of the relevant state court deci-

sion.' " *Garvin v. Farmon,* 258 F.3d 951, 954 (9th Cir.2001) (quoting *Williams v. Taylor,* 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)).

■ The effectiveness of Soil's waiver of the right to counsel is not at issue here. *Faretta v. California,* 422 U.S. 806, 835, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). Instead, Soil contends that the court was required to reappoint Mr. Bisnow once he said on the first day of trial that he could not represent himself after all (in part because he did not have time to prepare). However, the court offered to do just that and Soil refused, demanding instead a new attorney—a request that had been made and rejected previously. Soil points to no Supreme Court precedent that clearly establishes a right to the reappointment of counsel in these circumstances. Even assuming that *Menefield v. Borg,* 881 F.2d 696, 700 (9th Cir.1989), upon which he relies, is relevant to the AEDPA analysis, it simply indicates that a defendant may be entitled to counsel even after he has effectively elected to represent himself. Neither *Menefield* nor any Supreme Court authority requires the court affirmatively to reappoint counsel over the defendant's objection. *See Faretta,* 422 U.S. at 835. Rather, a defendant, such as Soil, who has engaged in a pattern of delay cannot reverse course and insist on being represented at will. The state court's decision, so holding, was not an objectively unreasonable application of Supreme Court law.

■ Nor was the state court's failure to appoint stand-by counsel dictated by precedent. Even though the Court has held that a trial court *may* appoint stand-by counsel for a defendant who has exercised his *Faretta* rights even over the defen-

---

* Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

dant's objection, *see McKaskle v. Wiggins,* 465 U.S. 168, 176–77, 104 S.Ct. 944, 79 L.Ed.2d 122 (1984), the Court has never held that stand-by counsel is *required* or that the failure to appoint stand-by counsel violates the Sixth Amendment. Appointment of stand-by counsel is a discretionary call, not a clearly established constitutional right. *See e.g. Locks v. Sumner,* 703 F.2d 403, 408 (9th Cir.1983). Therefore, the rule for which Soil contends would be a new rule that may not be applied on habeas review unless it would place private conduct beyond the reach of criminal law or is a "watershed rule" of criminal procedure—which is not the case. *Teague v. Lane,* 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989); *Caspari v. Bohlen,* 510 U.S. 383, 396, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994). For the same reasons, the California Court of Appeal decision was not contrary to federal law for purposes of AEDPA.

AFFIRMED.